*O’NealIi, J.
Upon the plaintiffs’ "third ground of appeal, it is only _ necessary to remark, that the Chancellor says that there was no proof L - á of the infancy of the plaintiff, Mrs. Thompson, then Mrs. Murray, at the time she renounced her dower. This is a Very sufficient answer to the ground. But without saying that even infancy would avoid her renunciation of dower, there is another view which would prevent her from being endowed of the premises, According to the proof, her husband (Murray) purchased the premises as a trustee for Mrs. Connolly, and paid for them with money furnished by her. His seizen was therefore entirely in trust, and of such an estate, it was held in the case of Plant v. Payne, 2 Bail. Rep. 319, the wife could not be endowed.
As to the plaintiffs’ second ground, there can be as little difficulty; for let it be conceded that generally, as among volunteers, there ought to be contributions to remove a general lien attached upon the whole property conveyed ; yet this case cannot have the benefit of such a rule. Eor a contribution can never, be asked for on account of the removal of a common burden on property conveyed, unless there was an inevitable necessity that a part of the property conveyed should pay it. Screven v. Joyner, executor, and others, 1 Hill’s Ch. Rep. 261, This inevitable necessity or compulsion to pay might exist among volunteers, where the donor had given to them his whole' estate, and was thereby rendered insolvent, or had given to them a part of his estate, and had subsequently become insolvent. But such necessity or compulsion cannot exist when the donor is still solvent, and a creditor seizes and sells the property given, or the donee pays the donor’s debts. For in such a case the creditor either has no right to sell the property at law, or in all events in equity, and would be forced, on a proper application to exhaust the donor’s estate before he would be allowed to go against property which his debtor had given away. In this case it is not pretended that the donor is insolvent; and it hence follows that there cannot have been that inevitable necessity or compulsion to pay out of the property conveyed to the plaintiff, Mrs. Thompson, which is necessary to entitle her to contribution from the other donee. This view of the case is upon the supposition that the plaintiff, Mrs. Thompson, and her sister, Mrs. Murray, the defendant, had been shown to be donees in possession at the time the sheriff sold the slave conveyed to Mrs. Thompson, and decides the case upon the most favorable footing on which the plaintiffs could put it.
*The first ground of appeal makes the question, whether the ¡-.¡.«, . deed from John M. Murray to Stevens Perry, the trustee, could L' 4 empower Mrs Connelly (a feme covert) to make a will ? I am satisfied, both that the power could be conferred on a married woman, and also that it was well executed by her will, and that the express consent of the husband is wholly immaterial to the validity of either. For notwithstanding in general legal contemplation, the existence of the wife is merged in that of the husband during coverture, yet this rule is not of such *168 universal application as to render every act of the wife void. It seems she may even purchase and hold real estate without the express consent of her husband — that her acquisition cannot be defeated by any one but him, so long as he may live. For in Coke, upon Littleton 3, a. 122-3, it is said, “ a feme covert cannot take any thing of the gift of her husband, but is of capacity to purchase of others without the consent of her husband, and of this opinion was Littleton in our books and in this book, section Gil; but her husband may disagree thereto and divest the whole estate ; but, if he neither agree nor disagree, the purchase is good ; but after his death, albeit her husband agreed thereto, yet she may, without cause to be alleged, waive the same, and so may her heirs also, if after the decease of her husband she herself agreed not thereunto.” In this case neither the husband nor the heirs of the wife ask to set aside the conveyance to the wife : the plaintiffs regard the conveyance as good, but the power to appoint as void. But, if the wife could purchase, she might on any conditions, and under any limitations, and it is the privilege of the husband during coverture, of herself or her heirs after his death, to affirm or dis-affirm the whole contract; a part cannot be taken and a part rejected— all or none must stand.
If, however, the wife was incompetent to execute the power conferred on her by the deed, then her will would be void, and the land must either revert to the grantor, Murray, or be distributed as her estate. It seems to be well settled, “that every person capable of disposing of an estate actually vested in himself, may exercise a power or direct a conveyance of the land. The rule goes further, and even allows an infant to execute a power simply collateral and that only ; and a feme covert may execute any kind of power, whether simply collateral, appendant or in gross, and it is immaterial whether it was given to her while sole nr married. The concurrence of the husband, is in no case necessary.” (i Kent Com. 318, 319.) This is the language of one of the greatest chancery ,-, lawyers of the present *day, Chancellor Kent; and it cannot be ¿ necessary to do more than refer to his clear statement of principles, by which this part of this case must be put at rest. It may be well however to look to the manner in which an appointment operates, to show that no objection can in facb exist to an execution of it by a feme covert. The appointee is merely designated by the person making the appointment; his estates and rights are derived from the deed creating the power. As is said in Bradish v. Gibbs, 3 J. C. R. 550, the principle is well established that when a person takes by execution of a power, he takes under the authority of .that power. The meaning is, as Lord Hardwicke expresses it, that the person takes in the same manner as if the power and instrument executing the power had been incorporated in one instrument, and as if all that was in the instrument executing had been expressed in that giving the power. This being the case, and the appointee taking nothing from the wife, but all from the person creating the power, there can be no reason to avoid her act on account of coverture, the disability of which is intended both for the protection of the husband and also for herself.
It is ordered and decreed that Chancellor Johnston’s decree be affirmed.
Johnson, J., and Harper, J., concurred.